IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. CBD-14-1230 |
| | ) |
| JOHN DOE, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Malibu Media, LLC, submits before this Court its Motion to Compel Discovery ("the Motion") (ECF No. 62). Defendant John Doe has not filed a response in opposition to the Motion. The Court has reviewed the Motion and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court GRANTS the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2016, Plaintiff served upon Defendant's counsel, via "U.S. Mail and/or email," its First Sets of Interrogatories and Requests for Production of Documents (ECF No. 62-1, 62-2). Defendant's deadline to respond was July 9, 2016. However, Plaintiff alleges that Defendant has yet to respond to the discovery requests.

Plaintiff includes in the Motion a "Good Faith Certification," stating:

Pursuant to Fed. R. Civ. P 37(a)(1), Plaintiff hereby certifies that on several occasions, Plaintiff attempted to confer through email and telephone with Defendant, in a good faith effort to resolve the issues raised by this Motion. Specifically, on September 8, 2016, Plaintiff e-mailed Defendant inquiring about Defendant's overdue discovery responses. On November 22, 2016, Plaintiff's counsel spoke with Defendant's counsel regarding the same and was given an assurance that the same would be forthcoming by the end of the coming weekend; and on November 28, 2016, Plaintiff's counsel called Defendant's counsel and

1

left a voicemail to discuss the overdue responses. Defendant did not respond to Plaintiff's attempts.

Pl.'s Mot. 5.

## DISCUSSION

Plaintiff served Defendant with twenty (20) interrogatories and eighteen (18) requests for production of documents. ECF No. 62-1, 62-2. The Court has reviewed the discovery request submitted by Plaintiff. The Court limits all requests made by Plaintiff only to the "period of recorded infringement." Plaintiff has identified the "period of recorded infringement" as "November 3, 2012 to May 26, 2014." ECF No. 62-1, p. 6. Therefore, Defendant should disregard any requests by Plaintiff for documents "in the last four years," "at any time," or any other time frame and respond to those requests only as to November 3, 2012 to May 26, 2014.[1]

### I.     Interrogatories

Several of Plaintiff's interrogatories are comprised of multiple questions in one request. However, Fed. R. Civ. P. 33(a)(1) requires that, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, *including all discrete subparts.*" (Emphasis added). Plaintiff's Interrogatories Nos. 2, 4-6, 12-13, and 15-16 all contain multiple subparts. After accounting for these questions with multiple separate subjects, Plaintiff reaches the twenty-five (25) interrogatory limit at the end of Interrogatory No. 16. Therefore, Defendant is not required to respond to any questions after Interrogatory No. 16.

The Court has the following additional limitations or omissions on Plaintiff's interrogatories:

---

[1] Request for Production of Documents No. 14 requesting forensic software to preserve or delete content between "the first date of infringement . . . and present day" is excluded from the Court's limitation.

**Interrogatory No. 10**

Defendant need only identify the individuals who actually had access to Defendant's "Computer Device(s), wireless router(s) or modem(s)," instead of stating "whether" each person who resides in or routinely visits Defendant's home had access to the devices.

**Interrogatory No. 11**

The Court has limited the language of Interrogatory No. 11 to read: "Identify any communication you have received from your ISP regarding notices of alleged copyright infringement emanating from your internet service."

II. **Requests of Production of Documents**

The Court has the following additional limitations or omissions on Plaintiff's document requests:

**Requests of Production of Documents No. 6**

The Court has limited the language of Document Request No. 6 to read: "All documents referring, relating to or comprising written communications between you and your ISP regarding notice regarding copyright infringement. Note: This does NOT include any promotional materials, marketing materials or brochures your ISP sent to you."

**Requests of Production of Documents No. 8**

This request is omitted as not being relevant to either the claims or defenses of the parties.

**Requests of Production of Documents No. 10**

This request is omitted as not being relevant to either the claims or defenses of the parties.

**Requests of Production of Documents No. 14**

This request is omitted as not being relevant to either the claims or defenses of the parties.

Defendant has not filed an opposition to Plaintiff's discovery requests. Even if Defendant had provided an opposition to the Motion, any objections therein would be considered waived. If a party fails to timely serve objections and responses to discovery requests, the party waives any objections unless the Court finds good cause to excuse the failure to respond. Fed. R. Civ. P. 33(b)(4). Plaintiff's supplemental motion will therefore be granted in part.

## **CONCLUSION**

Based on the foregoing, the Court GRANTS in part the Motion.

December 30, 2016                                             /s/
                                                                    Charles B. Day
                                                                    United States Magistrate Judge

CBD/xl